## STATE, Respondent, v. LELAND RIGBY, Appellant.

[240 Pac. 859.]

VENUE — ACCOMPLICE — CORROBORATION — SUFFICIENCY OF EVIDENCE.

    1. The venue of an offense must be proved as any other material allegation.

    2. Evidence examined and *held* sufficient to prove venue, to corroborate the testimony of an accomplice and to sustain the verdict.

APPEAL from the District Court of the Ninth Judicial District, for Madison County. Hon. George W. Edgington, Judge.

Defendant was convicted of the crime of petit larceny. *Judgment affirmed.*

W. A. Ricks, for Appellant.

Venue, like all other issuable facts in criminal cases, must be proved beyond a reasonable doubt. (*State v. Siepert,* 38 Ida. 20, 225 Pac. 135; *State v. Cole,* 31 Ida. 603, 174 Pac. 131; *State v. Keeland,* 39 Mont. 506, 104 Pac. 513; *State v. Ducolon,* 60 Mont. 594, 201 Pac. 267; *People v. Kubulis,* 298 Ill. 523, 131 N. E. 595; *People v. Jackzo,* 206 Mich. 183, 172 N. W. 557; *Garst v. State,* 68 Ind. 37; *Murphy v. State,* 121 Ga. 142, 48 S. E. 909; *Thompkins v. State,* 1 Ala. App. 258, 55 So. 267; *Mill v. State,* 1 Ga. App. 134, 57 S. E. 969.)

A. H. Conner, Attorney General, and John W. Cramer, Assistant, for Respondent.

Proof of venue may be either direct or indirect. (*State v. Siepert,* 38 Ida. 20, 225 Pac. 135.)

Publisher's Note.

1. Quantity of proof necessary to establish venue in criminal case, see note in Ann. Cas. 1912B, 939.

The testimony of an accomplice is not merely cumulative where it is properly corroborated, and it is not necessary that there be corroborative evidence concerning every material fact about which the accomplice testified, nor is it necessary that the whole case be proved outside the testimony of the accomplice. (*State v. Gillum,* 39 Ida. 457, 228 Pac. 334; *State v. Smith,* 30 Ida. 337, 164 Pac. 519; *State v. Grant,* 26 Ida. 189, 140 Pac. 959; *State v. Bond,* 12 Ida. 424, 86 Pac. 43.)

WM. E. LEE, J.—Defendant was convicted of petit larceny committed by stealing a quantity of wheat. The appeal is from the judgment of conviction.

Assigning as error the insufficiency of the evidence to sustain the verdict, defendant contends the state failed to prove venue. The venue of an offense must be proved as any other material allegation. The grain was taken from the farm of H. G. Howell by defendant and another. Howell testified that his farm was in Madison county. There is nothing in the record to show that Howell owned a farm elsewhere, and the fact that the grain was taken from Howell's farm in Madison county was not controverted. This assignment is ingeniously argued by counsel, but we are satisfied that it is without merit and that venue was proved by ample evidence.

It appears that the grain was taken by appellant and a confessed accomplice, who testified for the prosecution. It is contended that the testimony of the accomplice was not corroborated. An examination of the record convinces us that the testimony of the accomplice was amply corroborated and that the jury would have been warranted in its verdict without the testimony of the accomplice.

Other alleged errors are suggested, but counsel for appellant, who did not try the case below, admits that they are not before us for determination.

Judgment affirmed.

William A. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.